```
           UNITED STATES DISTRICT COURT
            MIDDLE DISTRICT OF FLORIDA
               FORT MYERS DIVISION
```

REGINALD TIMOTHY JONES,

        Plaintiff,

vs.                        Case No.  2:14-cv-58-FtM-29DNF

MARK STEINBECK, EDWARD VOLZ, JR.,
STEPHEN B. RUSSELL, DAVID T.
MAIJALA, DEVIN GEORGE, and ROBERT J.
BRANNING,

        Defendants.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file. Plaintiff Reginald Timothy Jones, who is proceeding pro se, initiated this action as a prisoner incarcerated at the Sarasota County Jail, by filing a Civil Rights Complaint Form pursuant to 42 U.S.C. § 1983 (Doc. #1, Complaint) on January 30, 2014. Plaintiff neither paid the requisite filing fee, nor filed a complete motion for leave to proceed *in forma pauperis*. See docket. Because the Court finds this action subject dismissal, the Court will not await the filing of a complete application to proceed as a pauper. See Doc. #3.

**I.**

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks

monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, Section 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys, Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. See also § 1915(e)(2). The standard that applies to dismissals under Fed. R. Civ. P. 12(b)(6) applies to dismissals under §1915A and § 1915(e)(2)(b)(ii). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001); Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County,

Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). Nonetheless, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. 662, 678. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 556 U.S. at 678. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**II.**

Plaintiff files this action pursuant to 42 U.S.C. § 1983

against: Mark Steinbeck and Edward Volz, Jr., who are Circuit Court Judges in the Twentieth Judicial Circuit; Stephen B. Russell and Devin George, who are the State Attorney and an Assistant State Attorney, respectively, for the Twentieth Judicial Circuit; David Maijala, an Assistant Public Defender employed by the Public Defender's Office in Charlotte County; and, Robert Branning, an attorney who practices defense work in his own law practice in Fort Myers. Complaint at 6-8. Under the "Statement of Claim" portion of the Complaint, Plaintiff writes "18 U.S.C. 241: Conspiracy Against Rights." Id. at 9. All of the factual allegations contained under the "Statement of Facts" portion of the Complaint pertain to either Plaintiff's criminal conviction based on the entry of a plea, his subsequent violation of probation, or the collateral motions he filed thereafter. See id. at 10-13.

According to the Complaint, Plaintiff's defense counsel, Robert Branning, conspired with David Maijala to deny Plaintiff a trial by jury sometime in 2007. Id. at 10. Plaintiff apparently plead either guilty or *nolo contedere* to a criminal charge at some point before or during the year 2007.[1] Id. Thereafter, Plaintiff

---

[1] According to a public web based inquiry on the Twentieth Judicial Circuit's website, Plaintiff has numerous criminal conviction before the Twentieth Judicial Circuit and County Courts. See www.leeclerk.org. The only circuit criminal case the Court located with Judge Volz and Steinbeck as the presiding Circuit Judges and Devin George as the Assistant State attorney is case number 05-cf-018068. According to the docket sheet in this case, on November 5, 2007, Plaintiff entered a *nolo contendere* plea to four counts: (1) cash/deposit with intent to defraud; (2) grand
(continued...)

moved to withdraw his plea, but Circuit Judge Steinbeck orally denied the motion without issuing a written order. Id. at 10. Plaintiff claims Judge Steinbeck also never placed Plaintiff on probation. Id. Thereafter, in January of 2008, Plaintiff claims that Judge Steinbeck and attorney Maijala "found" Plaintiff violated his probation. Id. Plaintiff argues that he was never placed on probation, so he could not have properly been found to violate his probation. Id. at 11. Plaintiff alleges that he filed an appeal to the Second District Court of Appeal and postconviction motions to no avail due to all of the Defendants' failure to do "the 'right' thing." Id. As relief, Plaintiff states he will allow the Court to determine what is just and proper. Id. at 14.

**III.**

Upon review, the Court finds this action subject to dismissal. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) Defendants deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865,

---

[1](...continued)
theft; (3) cash/deposit with intent to defraud; and (4) cash/deposit with intent to defraud. Id. That same day, Plaintiff was placed on probation by Judge Steinbeck. In 2009, Judge Steinbeck found that Plaintiff violated the terms of his probation. Id.

872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).

Here, the Complaint is fatally flawed and subject to dismissal. While "[o]n its face, § 1983 admits no immunities," the Supreme Court has "consistently recognized that substantive doctrines of privilege and immunity may limit the relief available in § 1983 litigation." Tower v. Glover, 467 U.S. 914, 920 (1984). Both qualified and absolute immunity defenses bar certain actions. Id. The Complaint fails to state a claim against Stephen Russell and Devin George because prosecutors are entitled to absolute immunity from liability for actions undertaken in furtherance of the criminal process. Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976); Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1279 (11th Cir. 2001). In determining whether prosecutorial immunity applies, courts look to "'the nature of the function performed, not the identity of the actor who performed it.'" Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). "A prosecutor is entitled to absolute immunity for all actions he takes while performing [her] function as an advocate for the government." Rivera, 359 F.3d at 1353 (citing Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). Absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State."

Jones v. Cannon, 174 F.3d 1271, 1281 (11th Cir. 1999)(citations omitted).  The prosecutors Plaintiff names as Defendants in this action are clearly entitled to absolute prosecutorial immunity based on the allegations in the Complaint.  See Smith v. Shorstein, 217 F. App'x 877 (11th Cir. 2007).

Similarly, judges are also absolutely immune from civil liability under 42 U.S.C. § 1983 for any acts performed in their judicial capacity, providing such acts are not done in clear absence of all jurisdiction.  Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citing Stump v. Sparkman, 435 U.S. 349, 356-357) (1978); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996)); see also Mireles v. Waco, 502 U.S. 9, 12-13 (1991).  "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."  Bolin, 225 F.3d at 1239 (citing Stump, 435 U.S. at 356).  According to the Complaint, Plaintiff seeks relief against Judges Steinbeck and Volz based on the rulings these Judges entered in Plaintiff's criminal case, violation of probation, or postconviction motions.  Thus, it is clear that Plaintiff pursues this action against Defendants Steinbeck and Volz based on actions they took within the scope of their judicial authority.[2]  Consequently, absolute judicial

---

[2]To the extent Plaintiff alleges that the Circuit Judges lacked jurisdiction to take his plea due to an appeal pending before the Second District Court of Appeal, the Complaint lacks sufficient facts.  The docket sheet reveals that Plaintiff filed a notice of appeal on December 3, 2007, which is well after the circuit court
(continued...)

immunity precludes Plaintiff's civil action against Defendants Steinbeck and Volz.

Finally, Plaintiff attributes liability on defense attorneys who apparently represented him during either his criminal prosecution or violation of probation thereafter. See Complaint. The public defender, David Maijala, is not considered a "person" acting under the color of State law. Vega v. Fitz, Case No. 2:13-cv-51-FTM-29DNF, 2013 WL 314448, *2 (M.D. Fla. Jan. 28, 2013)(finding a public defender is not subject to liability under section 1983)(citing Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). A defense attorney, whether court appointed, or privately retained, represents only his client, not the state. Polk, 454 U.S. at 312. Significantly, the United States Supreme Court held that "a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." See Polk, 454 U.S. at 325 (footnote omitted).

To the extent Plaintiff attributes liability on his private defense counsel, Robert Branning, for conspiracy with the other named defendants, Branning is not considered a state official

---

[2](...continued)
accepted his plea. See www.leeclerk.org, Case No. 05-cf-018068. The appellate court issued its order on December 13, 2007. There is nothing on this docketing to establish that Judge Steinbeck lacked jurisdiction take Plaintiff's nolo contendere plea and Plaintiff's Complaint does not contain sufficient factual allegations showing otherwise.

-8-

subject to liability under § 1983. "[T]o act under the color of state law for (Section) 1983 purposes does not require that the Defendant be an officer of the State. It is enough that he is a willful participant in joint action with the State or its agents." Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992)(citing Dennis v. Sparks, 449 U.S. 24, 27 (1980)). However, when a court determines that none of the other defendants are state actors for purposes of § 1983, then all parties retain their private status; and, no state actor exists with whom conspiracy is possible.[3] Id. Therefore, Defendants Branning and Maijala are not subject to liability under 42 U.S.C. § 1983.

ACCORDINGLY, it is hereby

**ORDERED**:

1. The § 1983 Complaint is **DISMISSED** pursuant to either 28 U.S.C. §1915A(b)(1)-(2) or 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

2. The **Clerk of Court** shall terminate any pending motions,

---

[3]Additionally, the Court finds the Complaint does not adequately set forth a conspiracy claim. To set forth a conspiracy claim under section 1983, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons. Harvey, 949 F.2d at 1133 (citing Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984)). Here, the Complaint contains only conclusory and fantastic allegations concerning the conspiracy amongst the named defendants. The Complaint contains no facts that could prove private and alleged state actors "had 'reached an understanding' to violate [plaintiff's] rights." Id. (citing Strength v. Hubert, 854 F.2d 421, 425 (11th Cir. 1988)(citations omitted)).

enter judgment accordingly, and close this case.

**DONE AND ORDERED** at Fort Myers, Florida, on this __13th__ day of February, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: ALJ
Copies: All Parties of Record